## Case No. 15,059.

### UNITED STATES v. The ETHAN ALLEN.

[3 Am. Law Rev. 372.]

District Court, D. California. 1868.

SHIPPING—VIOLATION OF REGULATIONS RELATING TO PASSENGERS—FINES AND PENALTIES—LIENS.

[1. Under the act of March 3, 1855, known as the "Passenger Act," the fines imposed upon the master by sections 1 and 6, for acts which are therein declared to be misdemeanors, are not made a lien upon the vessel. The provision in the fifteenth section, that the "amount of the several penalties" imposed by the foregoing provisions shall constitute a lien, refers only to the penalties imposed by sections 2–5, 7, and 14, upon both the master and owners, and which are expressly made recoverable by suit.]

[Cited in The Strathairly, 124 U. S. 569, 8 Sup. Ct. 612.]

[2. Even if it be assumed that such fines are made a lien upon the vessel, an action against her to recover them cannot be maintained before the amount thereof, and the master's liability, has been fixed by his trial, conviction, and sentence.]

In this case a libel of information was filed by the district attorney of the United States against the barque Ethan Allen, charging that the master of the vessel took on board at Sydney, Australia, thirty-five more passengers than is "the proportion to the space occupied by them, and appropriated for their use on board said vessel, and unoccupied by stores or other goods, not being the personal baggage of such passengers," as provided in section 1 of the act of congress, approved March 3, 1855 [10 Stat. 715], entitled "An act to regulate the carriage of passengers in steamships and other vessels." Thereupon the vessel was taken into custody by the marshal. Exceptions were filed to the libel.

HOFFMAN, District Judge. The exceptions filed by the claimants to the libel of information present two questions: (1) Is the fine, which, under the first section of the act of March 3, 1855, the master of a vessel, on indictment and conviction, may be sentenced to pay, a lien on the vessel, and recoverable in a proceeding in rem? (2) Can such action against the vessel be maintained before the amount of the fine and the liability of the master have been fixed by his trial, conviction, and sentence?

The section referred to provides that, for certain violations of its provisions, the master "shall be deemed guilty of a misdemeanor," and on conviction thereof shall be fined fifty dollars for each passenger, &c., and may also be imprisoned not exceeding six months. The fifteenth section of the same act provides that the same "amount of the several penalties" imposed by the foregoing provisions shall be liens on the vessel, &c. If the fine imposed by the first section was the only fine or penalty mentioned in the act, it might be supposed to have been the intention of congress to secure its payment by making it a lien on the vessel. The act known as the passenger act contains various provisions for the safety, health, and comfort of passengers. For violation of these provisions two kinds of punishment are denounced. For certain offences mentioned in sections 1 and 6 the master is declared guilty of a misdemeanor, and, on conviction, is to be fined, and may also be imprisoned. For the violation of the provisions contained in the second, third, fourth, fifth, seventh, and fourteenth sections, the master and owners are to forfeit and pay specified amounts, to be recovered by suit in any United States court within the jurisdiction of which the vessel may arrive, &c. It is plain that the provision of the fifteenth section, by which the penalties imposed by the act are made liens on the vessel, applies only to these penalties, for which both the master and owners are liable; and the collection of which it was intended to secure by authorizing a proceeding directly against the vessel. In sections 1 and 6, the punishment of the master is spoken of as a "fine," while section 15 declares to be liens only the "penalties" imposed by the act. It would seem, therefore, that congress intended to distinguish between the "fines" which, on conviction of a misdemeanor, the master might be sentenced to pay, and the "penalties" which, in a civil action, are made recoverable from the owners, as well as the master. The offences for which the master is made criminally liable are wilful violations of the law, in which the owners may have no complicity. The infractions of the act, for which the owners are made responsible in a civil suit, relate to houses over passage ways, to ventilators, camboozes or cooking ranges, water closets, &c., and other arrangements for the comfort and health of the passengers, which it is the owner's duty to provide. For the omission to do so, the owners and the vessel are justly made responsible. I think it clear, therefore, that these, and these alone, are the penalties which, by the fifteenth section, are made liens on the vessel.

If this view be correct, it is unnecessary to consider the second point raised by the exceptions. It may be observed, however, that the only mode by which the liability of the master to a fine, and the amount of the fine, can be ascertained, is that prescribed in the act, namely, his indictment, conviction, and sentence. Until this liability has thus been judicially established, it cannot be said legally to exist; and certainly the court cannot, in a civil action against the vessel, determine how many passengers in excess of the legal number a jury might have found the captain to have taken on board, or what would be the amount of the fine the court by the verdict of the jury would have been called on to impose. Even if the master were first convicted and sentenced, it would be anomalous to hold the owners responsible, through their vessel, for the amount of a fine imposed in a proceeding to which they were not parties, and of which they may have had no notice. On the other hand, if the vessel is sued, and the fine collected from her proceeds before the master is tried, how can the latter, in a subsequent criminal proceeding against himself, set up the fact that the fine imposed on him has already been paid? Is the court to violate the positive requirements of the statute, and impose no fine on the master when found guilty, or is it, by sentencing him to pay the statutory fine, to exact a double payment of the single fine which the law imposes? I think it clear, to construe the fifteenth section as applying to fines which the master may be sentenced to pay, would involve such incongruities and absurdities as render the construction wholly inadmissible.

The exceptions are sustained.